|, JOAN BERNARD ARMSTRONG, Judge.
This is an action for nullity of a default judgment. The nullity action was dismissed as untimely. The plaintiff in the nullity action appeals. Because we do not believe that we can determine, without an evidentiary record, whether or not the nullity action was timely filed, we will remand for an evidentiary hearing.
Guise Sheet Metal Company, Inc. (“Guise”) filed suit against Towers Mechanical Contractors, Inc. (“Towers”) for certain amounts allegedly due, plus a statutory penalty, in connection with a construction project. Guise confirmed a default judgment against Towers. A Notice of Signing of Judgment as to the default *667 judgment, dated March 16, 2001, was sent to Towers.
Guise proceeded with two garnishment actions, the first filed August 9, 2001 and the second filed February 7, 2002, against Towers’ bank account. Towers alleges that, some time after the second garnishment, it discovered facts that it alleges constitute “fraud and ill practice” in connection with the default judgment. Towers filed the present action for nullity, seeking to have the default judgment 1 ^annulled, pursuant to Article 2004 of the Code of Civil Procedure, on the basis of alleged “fraud and ill practice,” on April 12, 2002.
Article 2004 provides, in pertinent part:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
“Fraud and ill practices” is a term of art, no actual fraud or intentional wrongdoing need be involved. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1988). Under Article 2004, even an innocent mistake that leads to an improper judgment may be grounds for nullity. Id.
The only issue before us at present is whether the present action for nullity was filed timely. This action was filed a little over one year from the March 16, 2001 date of the Notice of Judgment. However, the operative date to start the running of the applicable one-year period is the date of the discovery of the fraud or ill practice. La.Code Civ. Proc. Art. 2004(B). Towers argues that it did not know of the fraud or ill practices until some time after the February 2002 garnishment action and that it filed the present nullity action less than two months later on April 12, 2002. Guise argues that, assuming that Towers was familiar with the contents of and attachments to Guise’s original petition against Towers, that Towers “must have” known of that alleged fraud and ill practice as soon as it received that March 16, 2001 Notice of Judgment.
IsThe issue of when Towers knew of the alleged fraud and ill practice is a factual issue. The resolution of such a factual issue requires an evidentiary record. We cannot determine factual issues based upon arguments of counsel. Therefore, we must remand so that there can be an evidentiary hearing and findings of fact and a judgment by the trial court.
For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.
REVERSED AND REMANDED.